**E-FILED**
Monday, 04 October, 2004  09:31:25 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| The Prudential Insurance Company of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. No. 02-cv-4060 |
| ) | |
| Laxmi P. Palaypu, ) | Judge Mihm |
| ) | |
| Defendant. ) | Magistrate Judge Gorman |
| ) | |

### MOTION FOR VOLUNTARY DISMISSAL OF COUNTS II, III, AND IV AND FOR ENTRY OF JUDGMENT PURSUANT TO THE COURT'S AUGUST 25, 2004 ORDER

Plaintiff, The Prudential Insurance Company of America, pursuant to Rules 41(a)(2) and 54 of the Federal Rules of Civil Procedure hereby moves for dismissal without prejudice of Counts II-IV of its complaint and for entry of judgment in its favor on Counts I and V.  In support of its motion, Prudential states as follows.

1.    Prudential filed a five-count complaint in this case.  Prudential moved for partial summary judgment.  On August 25, 2004, the Court granted that motion, ruling that Prudential was entitled to summary judgment on Counts I and V of the complaint.  As set forth in the Court's order, Prudential's damages on those Counts are at least $423,871.52 (Count I) and $13,482.74 (Count V).  The case is set for a final pretrial conference on October 7, 2004 and for a bench trial on the remaining counts in November 2004.

2.    Prudential now seeks leave of Court to voluntarily dismiss without prejudice its claims in Counts II-IV.  Fed. R. Civ. P. 41(a)(2) allows the voluntary dismissal of claims by order of Court even after an answer or motion for summary judgment has been filed,

CH1 10796268.1

except where the defendant has filed a counterclaim. Rule 41(a)(2) provides that voluntary dismissals will ordinarily be without prejudice.

3.    Under Rule 41(a)(2), the Court should dismiss Counts II-IV without prejudice. Defendant has not filed a counterclaim and will not be otherwise prejudiced by the dismissal of Counts II-IV. In addition, the dismissal of these claims will eliminate the need for a pretrial conference and trial.

4.    Moreover, dismissal of Counts II-IV will clear the way under Fed. R. Civ. P. 54 for entry of judgment pursuant to the Court's August 25, 2004 order. *Cf.* Fed. R. Civ. P. 54(b)(generally preventing entry of judgment as to only some, but not all claims). Specifically, the dismissal of Counts II-IV will leave only Counts I and V, as to which the Court has already granted summary judgment for Prudential. Because, upon dismissal of Counts II-IV, Prudential will be the prevailing party as to all remaining claims, it will be entitled to judgment.

5.    The minimum amount of damages to which Prudential is entitled is set forth in the Court's August 25, 2004 order. In addition, in his agency contract, defendant agreed to indemnify Prudential for all damages it suffered as a result of his breach of the contract. *See* paragraphs 18-21 of the Statement of Facts contained in Prudential's Memorandum in Support of its Motion for Partial Summary Judgment (hereafter, "SOF"). In addition to the amount of defendant's unpaid debt, Prudential has been harmed by defendant's breach of contract in that it has incurred attorneys' fees and expenses in prosecuting this action.

6.    Prudential is also entitled to prejudgment interest. First, defendant's contract provides that he shall be liable to repay his debt, plus interest. *See* SOF ¶ 18. Second, the

- 2 -

amount owed is readily identifiable and can be calculated with precision.  Finally,

Prudential has been deprived of the use of its money during the time that defendant has, in

breach of his contract, refused to repay his debt.

WHEREFORE, Prudential respectfully requests that the Court dismiss without

prejudice its claims in Counts II,  III, and IV of the complaint, and direct the clerk to enter

judgment for Prudential on Counts I and V for $437,354.26 plus prejudgment interest,

attorneys' fees, and costs.  As a result of these actions, the pretrial conference and trial will

be unnecessary, and Prudential asks that the Court strike those dates.

Respectfully submitted,

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

By: __/s/ Ian H. Morrison_____
        One of Their Attorneys

Ian H. Morrison
SEYFARTH SHAW
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 346-8000
(312) 269-8869 (facsimile)

David B. Ross
SEYFARTH SHAW
1270 Avenue of the Americas, Suite 2500
New York, New York
(212) 218-5500
(212) 21805526 (facsimile)

October 4, 2004

- 3 -

CH1 10796268.1

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the

foregoing Motion for Voluntary Dismissal Of Counts II, IIII, and IV and For Entry of

Judgment Pursuant to the Court's August 25, 2004 Order was served by first class U.S.

Mail, this 4th Day of October, 2004 upon the following:

Mr. Laxmi P. Palaypu
3406 78th Street
Moline, Illinois 61265

                        /s/ Ian H. Morrison
                            Ian H. Morrison

CH1 10796268.1