**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| The Prudential Insurance Company of America, ) ) Plaintiff, ) ) v. ) ) Laxmi P. Palaypu, ) ) Defendant. ) ) | Case No. 02-cv-4060 Judge Mihm Magistrate Judge Gorman |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Plaintiff, The Prudential Insurance Company of America (Prudential), submits this memorandum in support of its motion for attorneys' fees and expenses.

**INTRODUCTION**

Prudential sued Laxmi P. Palaypu to recover a debt he owed for commission advances. His debt was governed by an agency contact with Prudential. Prudential filed a five-count complaint, alleging a breach of Palaypu's agency contract and other claims. After discovery, Prudential moved for partial summary judgment. On August 25, 2004, the Court granted that motion, ruling that Prudential was entitled to summary judgment on Counts I and V of the complaint. As set forth in the Court's order, Prudential's damages on those Counts were $423,871.52 (Count I) and $13,482.74 (Count V), for a total of $437,354.26. Prudential then voluntarily dismissed its remaining claims and, on October 5, 2004, the Court entered judgment for Prudential. In its October 4, 2004 Order directing entry of judgment and in the October 5, 2004 Judgment, the Court awarded Prudential its

reasonable attorneys' fees and costs of suit.  The Court extended the time for filing a motion for attorneys' fees to December 10, 2004.

In his agency contract, Palaypu agreed to indemnify Prudential for all damages it suffered as a result of his breach of the contract.  *See* paragraphs 18-21 of the Statement of Facts contained in Prudential's Memorandum in Support of its Motion for Partial Summary Judgment (hereafter, "SOF").  The indemnity provision in the agency contract provided:

> You agree to indemnify and hold Prudential harmless against any and all losses or liabilities incurred by Prudential as a result of: your breach of any of the promises contained herein, any errors committed by you, violation by you of any federal or state law, violation by you of any rule or regulation of any regulatory agency or self regulatory agency, violation by you of any pronouncement from any other legally binding source, or violation by you of any policy or rule of Prudential during the course of your association with the Company.  You further agree that Prudential shall have the right, to the full extent of applicable law, without notice to you, to withhold amounts representing such losses or liabilities from any monies payable to you, or otherwise held by Prudential by you, as compensation or otherwise.

(SOF ¶ 21; Pl. Dep. Ex. 4, Section 17).

In prosecuting this action, Prudential incurred attorneys' fees of $70,000 and non-taxable expenses of $1,323.12.  These amounts are set forth in the Declaration of Ian Morrison, which is attached hereto as Exhibit 1.  As set forth in the Morrison Declaration, Seyfarth Shaw LLP billed for its work on this case under a fixed fee arrangement with Prudential.  Under that arrangement, Seyfarth Shaw billed Prudential $70,000 for all work on the case, with the exception of trial preparation and trial.  Prudential paid this fee in quarterly installments between September 2002 and July 2003.  In addition, Seyfarth Shaw billed Prudential for all disbursements, which currently total $3,057.42.  Under this arrangement, Prudential will be responsible for a total of $73,057.42 in attorneys' fees and

costs for Seyfarth Shaw's work on this case. Prudential has actually paid a total of $70,872.15 to date and is expected to pay the balance of the disbursements by the end of 2004.

In addition, the total number of hours spent and the hourly rates, by year, for each attorney who worked on this case are set forth in the following table. Background information about these lawyers is contained in the Morrison Declaration.

| Attorney | 2002 Rate | 2002 Hours | 2003 Rate | 2003 Hours | 2004 Rate | 2004 Hours | TOTALS |
|---|---|---|---|---|---|---|---|
| David B. Ross | $385.00 | 12 | $395.00 | 3 | $420.00 | 3.25 | 18.25 |
| Ian H. Morrison | $240.00 | 60.95 | $260.00 | 31 | $285.00 | 65.75 | 157.7 |
| Jenny B. Friedman | | | $175.00 | 13.5 | $200.00 | 84 | 97.5 |
| Christopher L. Casazza | $160.00 | 12.25 | | | | | 12.25 |
| Charles C. Jackson | $385.00 | 1.3 | | | | | 1.3 |
| Stephen M. Crainer | | | | | $355 | 2.5 | 2.5 |
| TOTALS | | 86.5 | | 47.5 | | 155.5 | 289.5 |

**ARGUMENT**

I.  **PRUDENTIAL IS ENTITLED TO COMPENSATION FOR FEES AND EXPENSES ACTUALLY INCURRED.**

In this case, Prudential's entitlement to attorneys' fees and expenses is a matter of contract. Specifically, Palaypu agreed to indemnify Prudential for "any and all losses or liabilities incurred by Prudential as a result of: your breach of any of the promises contained" in his agency agreement. Indeed, based upon the terms of the applicable agreement, the Court has already determined that Prudential is entitled to attorneys' fees. *See* Order of 10/4/04 (docket #33). As a result, Prudential need only show that it incurred legal expenses as a result of Palaypu's breach of his agreement and that those expenses were commercially reasonable. *See Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 200 F.3d 518, 520-21 (7th Cir. 1999).

As set forth in the Declaration of Ian Morrison, attached hereto as Exhibit 1, Prudential incurred attorneys' fees and non-taxable expenses of $1,323.12[1] prosecuting its claims against Palaypu. Prudential incurred these expenses as a result of Palaypu's breach of his agreement and refusal to voluntarily repay his debt, which forced Prudential to file this action. Prudential actually paid (or will pay) the expenses for which it seeks reimbursement. Moreover, the fees and expenses pass muster under the commercial reasonableness test articulated by the Seventh Circuit. *See Medcom Holding Co.,* 200 F.3d at 520-21. Specifically, the fees and expenses claimed are approximately 16% of the amount Prudential recovered in this case, and are certainly commensurate with the work performed. The expenses incurred are less than half of the 33% to 40% often charged by

---

[1] Prudential has filed a bill of costs seeking taxation of $1,734.3 in costs. Prudential does not request payment of those costs in the instant motion.

- 4 -

attorneys as a contingent fee. There is no evidence that Prudential or its counsel performed excessive work or inflated the amount billed based upon the expectation that defendant would be liable for Prudential's attorneys' fees.

In addition, the ultimate question in much attorneys' fee litigation is whether the rates claimed by the attorneys reflect the market value of their services. The Seventh Circuit has said, "[t]he best evidence of the value of a lawyer's services is what the client has agreed to pay him." *Assessment Technologies of Wisc., LLC v. Wire Data, Inc.*, 361 F.3d 434, 438-39 (7th Cir. 2004); *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) ("Courts award fees at the market rate, and the best evidence of the market value of legal services is what people pay for it. Indeed, this is not 'evidence' about market value; it is market value. Although courts interpolate the word 'reasonable' into clauses of this kind, the best guarantee of reasonableness is willingness to pay."). Here, Prudential has agreed to pay its attorneys the fees set forth in Exhibit 1; therefore, those fees reflect the market value of counsel's services and are thus reasonable.

**II.    PRUDENTIAL IS ENTITLED TO RECOVER THE FIXED FEE IT PAID ITS ATTORNEYS.**

Prudential's arrangement with its counsel regarding payment is somewhat unusual in Prudential and its counsel agreed upon a fixed fee for the attorneys' work on this case. Prudential is entitled to recover the fixed fee it has agreed to pay its attorneys, regardless of whether its attorneys' fees might be different under a "lodestar" calculation. In *Assessment Technologies of Wisc.*, the Seventh Circuit held that a fixed fee charged by a lawyer carries controlling weight in fee shifting litigation, at least insofar as it places a ceiling on what the attorney may recover. *Id*. at 438 (citing *Lieb v. Topstone Indus.*, 788 F.2d 151, 156 (3d

Cir. 1986)). Consistent with that holding, the Court should award Prudential additional damages in the amount of all attorneys fees and expenses it has paid or will pay to its counsel, including fees paid under a fixed fee agreement. As noted above, the best evidence of the market value for lawyers' services is what their clients will pay. In this case, Prudential has agreed to pay Seyfarth Shaw a fixed-fee and that fee thus sets a reasonable level for counsel's compensation. *See Balcor Real Estate Holdings, Inc.*, 73 F.3d at 153.

### III. ALTERNATIVELY, UNDER A LODESTAR CALCULATION, THE FEES CLAIMED ARE REASONABLE.

Even if the Court determines it must evaluate this motion for an award of attorneys' fees under the lodestar approach, it should find that the rates charged and hours expended are reasonable.[2] Prudential submits the affidavit of the Seyfarth Shaw attorney who was primarily responsible for handling this case. As set forth in that affidavit, the rates charged by the attorneys who worked on this case are the rates Seyfarth Shaw charges clients for work by these attorneys. "[T]he best evidence of the market value of legal services is what people will pay for it." *Stark v. PPM America, Inc.*, 354 F.3d 666, 675 (7th Cir. 2004) (citing *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150 (7th Cir. 1996)). Moreover, the hours spent by Prudential's counsel in this case are reasonable. This case has lasted more than two years, yet counsel have billed only 289.5 hours. There is nothing to suggest that Prudential's lawyers have "run the meter" or behaved any

---

[2] If the Court finds that the lodestar method must be used, Prudential requests leave of Court to supplement its motion with additional evidence showing that the hourly rates claimed and hours expended were reasonable.

differently than they would in other cases based upon the probability that defendant would have to pay their fees.

### IV. PRUDENTIAL MAY RECOVER THE NON-TAXABLE EXPENSES OF COUNSEL.

Prudential seeks compensation for various incidental expenses of its counsel. These expenses include the cost of delivery services for filing and service of court papers, travel expenses of counsel for attending court hearings and plaintiff's deposition, on-line legal research fees, and charges for duplication of documents for the case. Each of these expenses was reasonably incurred by Prudential's counsel and was necessary to the successful prosecution of this case. These expenses were actually incurred by Prudential because Palaypu breached his contact and refused to repay his debt. Accordingly, these expenses are recoverable.

## CONCLUSION

The Court should award Prudential $70,000 for attorneys' fees and $1,323.12 for non-taxable expenses.

                    Respectfully submitted,

                    THE PRUDENTIAL INSURANCE
                    COMPANY OF AMERICA


                    By: __/s/ Ian H. Morrison_____
                            One of Their Attorneys

Ian H. Morrison
SEYFARTH SHAW
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 346-8000
(312) 269-8869 (facsimile)

David B. Ross
SEYFARTH SHAW
1270 Avenue of the Americas, Suite 2500
New York, New York
(212) 218-5500
(212) 218-5526 (facsimile)

December 9, 2004

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Memorandum in Support of its Motion For Attorneys' Fees and Expenses was served by email on December 9, 2004 and that a paper copy will be mailed via first class U.S. Mail on December 10, 2004 upon the following:

Mr. Laxmi P. Palaypu
3406 78th Street
Moline, Illinois 61265
Laxmi.palaypu@ibsnus.com

                                                                              /s/ Ian H. Morrison
                                                                                  Ian H. Morrison